# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **EDONIA ANDERSON**, on behalf of herself and all others similarly situated, | ) CASE NO. |
| Plaintiff, | ) JUDGE |
| vs. | ) MAGISTRATE JUDGE |
| **OHIO HEALTHCARE PLUS, LLC**, | ) **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendant. | ) **JURY DEMAND ENDORSED HEREON** |

Representative Plaintiff Edonia Anderson ("Representative Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendant Ohio Healthcare Plus, LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Representative Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Class").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under the OMFWSA because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in this District and Division and because a substantial part of the events and omissions giving rise to Representative Plaintiff's claims occurred in this District and Division.

## PARTIES

7. Representative Plaintiff is an adult individual residing in Cincinnati, Ohio, in Hamilton County.

8. Within the last three years, Representative Plaintiff and those similarly situated were employees of Defendant within the meaning of the FLSA and the OMFWSA, although Defendant misclassified them as independent contractors.

9. Defendant is an Ohio limited liability company located in Columbus, Ohio, in Franklin County. Defendant can be served through its Statutory Agent, Ali Said, 5200 Cleveland Avenue, Cleveland, OH 43231.

10. At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA.

11. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

14. Defendant provides in-home services such as skilled nursing, social service, physical therapy, occupational therapy, and respiratory therapy.

15. To provide these services, Defendant employs non-exempt, hourly homecare providers, including Home Health Aides. Defendant misclassifies its homecare providers, including Home Health Aides, as "independent contractors."

16. Representative Plaintiff was employed by Defendant as a Home Health Aide to perform in-home services to Defendant's clients. Representative Plaintiff was hired by Defendant as an independent contractor. Representative Plaintiff separated from her employment with Defendant on or about March 18, 2022.

17. Although Defendant classified homecare providers such as Representative Plaintiff and other similarly situated employees as independent contractors, the economic reality was that these homecare providers are employees of Defendant.

18. The duties homecare providers, including Home Health Aides, performed for Defendant were an integral part of Defendant's business, as they provided services directly to Defendant's clients and generated revenue for Defendant.

19. Defendant gave its homecare providers, including Home Health Aides, their work schedule, which identified each of the client locations at which the homecare provider was required to report, and the time the homecare provider was to report to that location. Defendant's homecare providers are unable to set their own schedule, and if a homecare provider was unable to work a shift, they had to contact Defendant and request time off, just as an employee would.

20. Defendant also gave its homecare providers a care plan for each of Defendant's clients.

21. Homecare providers are not required to have any unique or highly specialized skill.

22. Representative Plaintiff and other similarly situated employees were not required to make any investment in specialized equipment to perform their job duties. Rather, they used Defendant's paperwork to record their daily work activities and time worked at the client locations.

23. Because homecare providers, including Home Health Aides, were provided a schedule by Defendant and do not have discretion to choose where and when to perform work for Defendant, and are paid by the hour, they do not have the opportunity to increase their opportunities for profit or loss through managerial skill.

24. Defendant also has the right to control and does, in fact, control the manner in which the homecare providers perform their work.

25. Defendant also holds out its homecare providers to its clients as employees of Defendant. Indeed, homecare providers, including Home Health Aides, are required to wear a badge bearing Defendant's name while performing work at clients' homes.

26. Accordingly, Representative Plaintiff and the other homecare providers were improperly classified as independent contractors and should have been classified as non-exempt employees under the FLSA, thereby making them entitled to be paid one and one-half times their regular rates of pay for hours worked in excess of 40 per week, including but not limited to, their travel to and from client locations in the same workday.

27. While working for Defendant, Representative Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek in the three years preceding the filing of this Action. Defendant, however, did not pay Representative Plaintiff and other similarly situated

employees one and one-half times their regular rates of pay for hours worked in excess of 40 per week.

28. While working for Defendant, Representative Plaintiff and other similarly situated employees regularly traveled to and from multiple client locations in the same workday in the three years preceding the filing of this Action. Defendant, however, did not pay Representative Plaintiff and other similarly situated employees for the time they spent traveling to and from multiple client locations in the same workday, nor did Defendant count that time as hours worked.

29. Defendant failed to pay Representative Plaintiff and other similarly situated employees overtime compensation for all of the hours they worked in excess of 40 each workweek, including but not limited to, their travel to and from client locations in the same workday, in violation of the FLSA and OMFWSA.

30. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. Representative Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

32. The class that Representative Plaintiff seeks to represent and for whom Representative Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Representative Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former homecare providers, including Home Health Aides and others with similar duties but different job titles, who worked for Defendant as independent contractors and who worked 40 or more hours in any workweek at any time in the three years preceding the date of the filing of this Action to the present (the "FLSA Class").**

5

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to Representative Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Representative Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

34. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

35. Representative Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendant in Ohio within the last two years.

36. The Rule 23 class is defined as:

> **All current and former homecare providers, including Home Health Aides and others with similar duties but different job titles, who worked for by Defendant as independent contractors and who worked 40 or more hours in any workweek at any time in the two years preceding the date of the filing of this Action to the present (the "Ohio Class").**

37. The class is so numerous that joinder of all class members is impracticable. Representative Plaintiff is unable to state the exact size of the potential class but, upon information and belief, avers that it consists of at least 100 class members.

38. There are questions of law or fact common to the class including: whether Defendant misclassified homecare providers, such as Home Health Aides, as independent contractors and

whether its misclassification of homecare providers, including Home Health Aides, resulted in the underpayment of overtime compensation.

39. Representative Plaintiff will adequately protect the interests of the class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the members of the class. Representative Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the class claims in this case.

40. The questions of law or fact that are common to the class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to the class as a whole and predominate over any questions affecting only individual class members.

41. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

42. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Representative Plaintiff and other similarly situated employees regularly worked over 40 hours per workweek in the three years preceding the filing of this Action.

44. Defendant failed to pay Representative Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 each workweek.

45. Defendant's practice and policy of not paying Representative Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

46. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

47. As a result of Defendant's practices and policies, Representative Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (OMFWSA Overtime Violations)

48. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Representative Plaintiff and other similarly situated employees regularly worked over 40 hours per workweek in the two years preceding the filing of this Action.

50. Defendant failed to pay Representative Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 each workweek.

51. Defendant's practice and policy of not paying Representative Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated the OMFWSA, Ohio Rev. Code § 4111.03.

52. As a result of Defendant's practices and policies, Representative Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and any opt-in plaintiffs who join this case pursuant to 29 U.S. C. § 216(b);

C. Enter judgment against Defendant and in favor of Representative Plaintiff and the Ohio Class;

D. Award Representative Plaintiff, any opt-in plaintiff who join this case pursuant to 29 U.S. C. § 216(b) and the Ohio Class actual damages for unpaid wages;

E. Award Representative Plaintiff and any opt-in plaintiff who join this case pursuant to 29 U.S. C. § 216(b) liquidated damages equal in amount to the unpaid wages;

F. Award Representative Plaintiff, any opt-in plaintiff who join this case pursuant to 29 U.S. C. § 216(b) and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

G. Award Representative Plaintiff, any opt-in plaintiff who join this case pursuant to 29 U.S. C. § 216(b) and the Ohio Class attorneys' fees, costs, and disbursements; and,

H. Award Representative Plaintiff any opt-in plaintiff who join this case pursuant to 29 U.S. C. § 216(b) and the Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

Shannon M. Draher (0074304)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## **JURY DEMAND**

Representative Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)

*Counsel for Representative Plaintiff*